UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT L. DAVIS,

    Plaintiff,

v.   Case No. 5:21-cv-228-TKW/MJF

ASHLEY MOODY and
KAREN E. RUSHING,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert L. Davis, DC# 652400, has filed a civil rights complaint under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983, 1985. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. The undersigned recommends that Davis's motion for leave to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice under 28 U.S.C. § 1915(g).[1]

### I. BACKGROUND

Davis is an inmate of the Florida Department of Corrections ("FDC") currently confined at Graceville Correctional Facility. Doc. 1 at 1 in ECF. Davis's

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

complaint names two Defendants: Ashley Moody, the Attorney General of the State of Florida; and Karen Rushing, the Clerk of the Court for the 12th Judicial Circuit Court for Sarasota County, Florida. *Id*. at 4. Davis is suing the Defendants in their individual and official capacities. *Id*.

Davis claims that the Defendants conspired to deny his constitutional right of access to the courts, "to be heard on a constitutional challenge of Florida Statute 943.325 to illegally keep Plaintiff incarcerated." *Id*. at 2.[2] Specifically, Davis claims that Rushing refused to docket a state-court pleading Davis submitted for filing, and that Moody failed to "rectify" the matter after Davis notified her of Rushing's conduct and of his allegedly unlawful incarceration. *Id*. at 5-7. As relief, Davis seeks the following money damages: "$150.00 per day that he was illegally incarcerated, and punitive damages of $5,000.00." *Id*. at 7.

## II. Discussion

The Prison Litigation Reform Act of 1995 prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a

---

[2] Section 943.325, Fla. Stat. establishes a statewide DNA database containing DNA samples submitted by persons convicted of or arrested for felony offenses and convicted of certain misdemeanor offenses. The statute also requires qualifying offenders to submit a DNA sample which is then added to the DNA database.

> judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is known as "the three-strikes rule." *Lomax v. Ortiz-Marquez*, ___ U.S. ___, 140 S. Ct. 1721, 1723 (2020).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Judges in the Northern District of Florida previously have noted that Davis is a three-striker, as he has had many actions and appeals dismissed as frivolous or for

failure to state a claim.³ *See Davis v. Patronis*, No. 4:21-cv-348-MW/MJF (ECF No. 9) (N.D. Fla. Aug. 27, 2021 (listing two civil actions Davis filed in this District that were dismissed under 28 U.S.C. § 1915(g); also identifying three actions Davis filed in the United States District Court for the Middle District of Florida, and one appeal Davis filed in the United States Court of Appeals for the Eleventh Circuit, that constitute strikes under § 1915(g)), *report and recommendation adopted*, No. 4:21cv-348-MW/MJF (ECF No. 14) (N.D. Fla. Nov. 29, 2021); *see also Davis v. Crews*, No. 4:13-cv-191-MW-CAS (ECF No. 4) (N.D. Fla. Apr. 12, 2013) (listing two additional actions and one appeal Davis filed in the federal courts that constitute strikes under § 1915(g)), *report and recommendation adopted*, No. 4:13-cv-191-MW-CAS (ECF No. 6) (N.D. Fla. May 1, 2013); *Davis v. McNeil*, 4:10-cv-150-MP/WCS (ECF No. 5) (N.D. Fla. May 4, 2010), *report and recommendation adopted*, 4:10-cv-150-MP/WCS (ECF No. 6) (N.D. Fla. Aug. 25, 2010).

Because Davis has incurred *at least* three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district

---

³ Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

court.'" *Daker v. Ward*, 999 F.3d 1300, 1310-11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)).

The Eleventh Circuit has provided the following guidance for evaluating whether § 1915(g)'s "imminent danger" exception is satisfied:

> In determining whether a prisoner has proved "imminent danger of serious physical injury," this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether the prisoner's complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker*, 999 F.3d at 1311 (alterations, additional quotation marks, and citations omitted).

Davis, recognizing that he is a three-striker, has labeled a section of his complaint "Plaintiff Is Under Imminent Danger Of Serious Physical Injury." Doc. 1 at 2-3. In that section, Davis does not allege that the Defendants' refusal to docket his state-court pleading, in and of itself, creates an imminent danger of serious physical injury. Rather, Davis alleges that the Defendants' failure to file his state-court pleading "has left Plaintiff illegally incarcerated in Florida's Department of Corrections, where there exist[s] a wide spread of C[o]ronavirus infections." *Id*. at 2. Davis explains that because he is 61 years old, he "is at a high risk of dying if he is infected by a c[o]ronavirus." *Id*. To support this allegation, Davis references "the

CDC and medical professionals" who "have presented proof that people over 60-years of age are likely to die if infecticted [sic] by a c[o]ronavirus." *Id*. Plaintiff also alleges that in the past five weeks, he "has been threaten[ed] by a homemade knife twice." *Id*. at 3.

Davis's allegations regarding the coronavirus and inmate threats at Graceville CF are insufficient to permit his conspiracy claims against Attorney General Moody and Clerk of Court Rushing to proceed, because they do not relate to his underlying claim that the Defendants denied him access to the courts. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."); *Pinson v. United States Dep't of Just.*, 964 F.3d 65, 72 (D.C. Cir. 2020) (same); *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (same); *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (same), *cert. granted on other grounds and aff'd*, ___ U.S. ___, 140 S. Ct. 1721 (2020); *Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (same). Davis's conclusory allegation that he would not be exposed to these conditions of confinement if he had not been denied access to the courts to challenge the validity of his incarceration, is too attenuated and conclusory to establish a sufficient nexus between the claims he seeks to pursue in this action and the "imminent danger" he alleges.

Furthermore, even if the District Court were to consider, despite the lack of nexus, Davis's allegations concerning inmate threats and the risk of contracting the coronavirus, Davis still fails to satisfy the "imminent danger" exception to § 1915(g). Davis's allegations that there have been cases of the coronavirus at his institution and that his age increases his risk of dying if he contracts the coronavirus are too speculative to constitute imminent danger. *See Daker*, 999 F.3d at 1312 (holding that prisoner's "mere allegation that he could contract an infectious disease, without any other allegations to establish the likelihood of this happening soon, is not sufficient to show contracting an infectious disease was 'imminent' for purposes of § 1915(g)."). As in *Daker*, the fact that something, even something very serious like contracting the coronavirus, could happen does not mean it is about to happen and is therefore imminent. *Id*. at 1312.

Davis's bare allegation that he was threatened with a knife twice in the past five weeks does not include specific allegations establishing a present imminent danger. *Daker*, 999 F.3d at 1311-12; *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); *Brown*, 387 F.3d at 1349 (stating that the "prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)").

Davis's complaint, as a whole, does not sufficiently allege that he is under imminent danger of serious physical injury from the Defendants' allegedly unconstitutional conduct. Because Davis is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee.

2. The clerk of court close this case file.

At Pensacola, Florida, this 7th day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**